UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 3:15-CR-086 (1) JD |
| | )        3:17-CV-950 JD |
| AURELIO CERVANTES | ) |

## OPINION AND ORDER

The superseding indictment in this case [DE 58-1] charged Defendant Aurelio Cervantes with fifteen counts related to his participation in an illegal drug trafficking organization. Mr. Cervantes pled guilty with the benefit of a plea agreement to one count of possession with intent to distribute and the distribution of cocaine, in violation of 21 U.S.C. §§ 841(a) and (b). [DE 135-1] This Court accepted Mr. Cervantes' plea of guilty, accepted his plea agreement, and found him guilty on July 14, 2016. [DE 154] On December 20, 2016, the Court sentenced him to 168 months imprisonment, to be followed by three years of supervised release. [DE 238 at 2-3]

Now proceeding *pro se*, Mr. Cervantes filed a motion under 28 U.S.C. § 2255, seeking to set aside his sentence on the basis that he received ineffective assistance of counsel at sentencing. [DE 290] Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Here, it plainly appears from the motion and the record of prior proceedings that Mr. Cervantes is not entitled to relief on his claim, so the Court dismisses his motion.

## DISCUSSION

To prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) that his counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness; and (2) that he was prejudiced by the deficiencies in his counsel's performance,

meaning that there is a reasonable probability that the results of his sentencing hearing would have been different with effective representation. *Strickland v. Washington*, 466 U.S. 687 (1984); *Fuller v. United States*, 398 F.3d 644, 650 (7th Cir. 2005).

## A.     Conspiracy

Mr. Cervantes largely argues that his attorney, Mr. Kevin Milner, was ineffective for failing to object to the Presentence Report's and this Court's multiple references to what he describes as "the uncharged conspiracy offense." [DE 290-1 at 7-14] Mr. Cervantes repeatedly contends that he was never charged with a conspiracy offense, but the superseding indictment indeed charged him with conspiracy to distribute cocaine [DE 58-1 at 1-2], so this is obviously inaccurate. Mr. Cervantes' argument, however, is better characterized as pinned to his belief that he can only be held accountable at sentencing for the single instance of possession underlying his plea agreement, and not for anything else. However, the sentencing Guidelines require the Court to consider as relevant conduct "all acts and omissions … that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). Here, relevant conduct pertaining to Mr. Cervantes' conviction for possession with intent to distribute plainly encompasses the larger conspiracy of which the single convicted offense was a part.

## B.     Aggravating Role – Section 3B1.1(a)

Next, Mr. Cervantes argues that he received ineffective assistance of counsel because Mr. Milner neglected to object to the application of an enhancement for Mr. Cervantes's role as an organizer or leader under U.S.S.G. § 3B1.1(a). [DE 290-1 at 2] First, to the extent Mr. Cervantes contends that his attorney did not object at all, the Court notes that Mr. Milner objected to the applicability of this guidelines provision, albeit on the grounds that Mr. Cervantes occupied a middleman role in the conspiracy rather than that of a leader or organizer. [DE 191; 262] In so

objecting, Mr. Milner advocated for a two-level increase under § 3B1.1(c) rather than the four-level increase Mr. Cervantes eventually received under § 3B1.1(a). The Court overruled this objection based on the facts indicating that Mr. Cervantes engaged in a much broader role than that of a middleman. [DE 262 at 15:9-20:9] For example, Mr. Cervantes made organizational decisions affecting the drug distribution scheme, compensated drug couriers, and dealt directly with a Mexican drug cartel to obtain wholesale quantities of cocaine. *See id.* Furthermore, nothing suggested that he answered to anyone other than the cartel that supplied him. *Id.* at 17:25-18:2. In this regard, Mr. Cervantes cannot satisfy the first *Strickland* requirement; his attorney indeed objected to the enhancement but was overruled based on the Court's evaluation of the facts.

But Mr. Cervantes appears to be making more of a factual argument along these lines: that he did not supervise or even know anyone else involved in this conspiracy; that he told his attorney this; and, nevertheless his attorney failed to investigate or object to the enhancement on these specific grounds. [DE 290-1 at 2] However, even if that were the case, the Court's analysis for applying the enhancement included factual findings that Mr. Cervantes personally knew and directly dealt with his co-conspirators. [DE 262 at 15:9-20:9] Furthermore, the Court expressly stated that it would have issued the same sentence even if it had sustained Mr. Milner's objection to the application of § 3B1.1(a). [DE 262 at 32:14-21] Therefore, Mr. Cervantes cannot demonstrate prejudice under *Strickland* here simply because of Mr. Milner's failure to object on these specific grounds.

To the extent Mr. Cervantes attempts to argue that no conspiracy existed at all based on his claims that he does not know any of his co-defendants, he admitted in his plea agreement that

3

he was "involved with a group of people in Indiana, Texas, and Ohio in the distribution of cocaine" during the time period alleged. [DE 135-1 ¶ 9(b)]

C.      **Miscellaneous Arguments**

Mr. Cervantes raises a few smaller arguments, but they all lack merit. For example, he argues that his attorney failed to properly investigate his case and provide him access to exculpatory evidence contained in discovery. [DE 290-1 at 4-5] However, he does not indicate *what* information Mr. Milner would have uncovered through further investigation, nor what information contained in discovery would have been exculpatory as to him. Therefore, he cannot demonstrate *how* his attorney's purported failures here impacted his sentence. Because of this, Mr. Cervantes has failed to demonstrate the requisite prejudice under *Strickland*.[1]

Mr. Cervantes also cites broadly to *Alleyne v. United States*, which holds that any fact that increases a mandatory minimum sentence must be found by a jury, 570 U.S. 99, 103-04 (2013), but that case applies to mandatory sentencing provisions in statute, not to advisory guidelines calculations. He further argues that his attorney's failure to summon his co-defendants and some of the government's witnesses at sentencing resulted in a violation of his Sixth Amendment confrontation rights [DE 290-1 at 5-6], and suggests that their testimony would have proven that they did not know him, let alone take any directions from him. *Id.* at 2. However, the confrontation clause does not apply at sentencing, during which the Court "may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable

---

[1] Mr. Cervantes also claims that Mr. Milner "failed to explain the effect of the waiver of appellate rights contained in the plea agreement." [DE 290-1 at 4] However, he provides no further support for this statement anywhere in his motion, and at any rate, he confirmed at the change of plea hearing that Mr. Milner explained the waiver, and then explicitly testified that he understood its meaning at the sentencing hearing. [DE 262 at 36:7-13]

accuracy." *See United States v. Harmon*, 721 F.3d 877, 888 (7th Cir. 2013) (citing U.S.S.G. § 6A1.3(a)). And besides, as discussed above and as indicated in the Presentence Report, Mr. Cervantes's co-defendants provided information to law enforcement confirming the opposite, that they indeed knew him and acted at his direction or on his behalf. [DE 190 ¶ 17, 22; DE 262 at 15:9-20:9]

## CONCLUSION

For all the reasons explained herein, the Court finds that it plainly appears that Mr. Cervantes is not entitled to relief under 28 U.S.C. § 2255, so the Court **DISMISSES** his motion [DE 290] and **DIRECTS** the Clerk to enter judgment accordingly. For the same reasons, the Court **DENIES** the issuance of a certificate of appealability, as the claim is not sufficient to deserve encouragement to proceed further and its resolution is not debatable. The Court advises Mr. Cervantes that pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, when the district judge denies a certificate of appealability, the applicant may request a circuit judge to issue the certificate. The Court further advises Mr. Cervantes that any notice of appeal must be filed within 60 days after judgment is entered on this motion. Fed. R. App. P. 4(a); *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006) (stating that "the time to contest the erroneous denial of [the defendant's] first § 2255 motion was within 60 days of the decision").

Lastly, the Court **DENIES** Mr. Cervantes' request for an evidentiary hearing. [DE 290 at 8] The district court in which a prisoner files his § 2255 petition "is required to hold an evidentiary hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief ….'" *Sawyer v. United States*, 874 F.3d 276, 278 (7th Cir. 2017) (quoting 28 U.S.C. § 2255(b)). As discussed above, Mr. Cervantes is entitled to no relief here, and therefore no evidentiary hearing need be held.

SO ORDERED.

ENTERED: April 5, 2018

                                              /s/ JON E. DEGUILIO
Judge
United States District Court