UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:15-CR-086 (1) JD |
| | ) | 3:17-CV-950 JD |
| AURELIO CERVANTES | ) | |

**OPINION AND ORDER**

Defendant Aurelio Cervantes has filed a motion under Rule 59(e) [DE 314], asking that the Court reconsider its dismissal of his motion under § 2255. For the following reasons, Cervantes' motion will be denied.

**A.  New Arguments**

Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole*, 90 F.3d at 1270.

Cervantes' motion presents only two new arguments. First, he points out the Court's statement from its dismissal order, that "the Court expressly stated [at the sentencing hearing] that it would have issued the same sentence even if it had sustained Mr. Milner's objection to the application of § 3B1.1(a)." [DE 309 at 3] For this reason, the Court held that Cervantes could not demonstrate the requisite prejudice under *Strickland* to show that he suffered from ineffective assistance of counsel. *Id.* Cervantes now argues that the Court cannot rely on statements

indicating that it would have imposed the same sentence absent the application of a certain Guidelines provision. [DE 314 at 4] He cites two cases, both from the Ninth Circuit. *See United States v. Menyweather*, 447 F.3d 625 (9th Cir. 2006); *United States v. Munoz-Camarena*, 621 F.3d 967 (9th Cir. 2010). This Court is not bound by opinions from other circuits, *see United States v. Clark*, 538 F.3d 803, 812 (7th Cir. 2008), and it did not err by stating at sentencing that it would have imposed the same sentence. *See United States v. Abbas*, 560 F.3d 660, 666-67 (7th Cir. 2009) (concluding that misapplication of upward adjustment was harmless because district court explicitly said it would impose same sentence even if increase did not apply).

Putting the Seventh Circuit's rule aside, the cases Cervantes cites still do not stand for what he promotes. In *Menyweather*, the Ninth Circuit held that it was not an abuse of discretion for the district court to depart downwards from the Guidelines sentence, and that, even if the district court had erred, "any error was harmless … in view of [that circuit's] belief that the [district court] would impose the same sentence again, having steadfastly maintained its position in the face of two opportunities to revise its sentence." 447 F.3d at 628.

Cervantes believes that this harmlessness approach has been per se invalidated by subsequent opinions, namely *Munoz-Camarena*, but that is not the case. In *Munoz-Camarena*, the Ninth Circuit noted that "Supreme Court authority has effectively overruled the application of the harmless error analysis employed in *Menyweather*," but only when applied to the *miscalculation* of a Guidelines sentence. 621 F.3d at 969-70 (citing cases). Miscalculation of the Guidelines range is not at issue in this case. In fact, neither was it at issue in *Menyweather*. The Ninth Circuit realized this and indeed withdrew its first *Munoz-Camarena* opinion, which Cervantes cites. After rehearing, the Ninth clarified:

> In *United States v. Menyweather*, 447 F.3d 625 (9th Cir. 2006), we applied harmless error analysis to the district court's reasons for departing downward

2

> from a Guidelines range. There was no dispute on appeal about the Guidelines calculation or its correctness, *id*. at 630, but only about whether the district gave a proper and adequate explanation for the significant downward departure. Therefore, *Menyweather* did not decide anything about whether harmless error review is available in the context of an incorrect Guidelines calculation. It is distinguishable.

*United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 n.4 (9th Cir. 2011). Cervantes bases his position on an inaccurate reading of two non-binding opinions. His argument fails.

Second, Cervantes asserts that the Court deprived him of due process by dismissing his § 2255 motion prior to ordering any briefing schedule. According to Cervantes, the provisions in the Federal Rules of Criminal Procedure regarding the government's response and a petitioner's reply create a constitutional "right" that prevent the preliminary dismissal of his claims. [DE 314 at 4] Cervantes cites no support for this argument and ignores the procedure contained in Rule 4(b) of those governing § 2255, which *compels* the district court to dismiss a § 2255 petition "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief …." As evident from the filings, and as explained in the Court's prior order, Cervantes' § 2255 motion warranted no relief.

**B.     Repetitive Arguments**

The remainder of Cervantes' motion to reconsider does not present any new claims, nor does it raise any new evidence or arguments that were not already before the Court. Instead, it merely rehashes the same arguments that the Court already considered and discussed in dismissing the § 2255 motion. Cervantes therefore presents no valid basis for reconsideration, as required, so his motion must be denied.

Regardless, the arguments that Cervantes raises in his new motion are all meritless. For example, Cervantes continues to advance his belief that his involvement in the underlying conspiracy in this case (which was indeed charged against him in the superseding indictment at

Count 1) could not have been considered at sentencing because he only plead to one count of possession with intent to distribute: "this Honorable Court … constructively amended the crime charged … to a second charge of conspiracy that was dismissed by the Government"; and "the Government voluntarily dismissed the conspiracy count … [t]herefore, this Honorable Court lacked any jurisdiction over the conspiracy count." [DE 314 at 2-3] As explained in the Court's prior order and as dispositive once again, the Sentencing Guidelines require the Court to consider as relevant conduct "all acts and omissions … that were *part of the same course of conduct or common scheme or plan as the offense of conviction.*" U.S.S.G. § 1B1.3(a)(2) (emphasis added). Relevant conduct pertaining to Cervantes' conviction for possession with intent to distribute plainly encompasses the larger conspiracy of which the single convicted offense was a part.

Cervantes' remaining arguments regarding the application of the aggravating role enhancement under U.S.S.G. § 3B1.1(a) are even less availing. Cervantes insists without explanation that he should be granted the opportunity to take a polygraph test to show that he did not personally know "the majority" of his co-defendants. [DE 314 at 2-3] He also takes issue with the fact that the presentence report labeled him "more of a middle man who answered to others in the drug trade …." *Id.* 9 (citing DE 190 ¶ 15). But what the presentence report *also* states immediately thereafter – and what Cervantes blatantly omitted from his brief – is that he "could still be considered for a role adjustment." [DE 190 ¶ 15] And that's just what happened. As the Court explained in its prior order, the aggravating role enhancement was well-warranted based on the Court's findings that Cervantes personally *knew* and directly dealt with his co-conspirators, made organizational decisions affecting the drug distribution scheme, compensated drug couriers, dealt directly with a Mexican drug cartel to obtain wholesale quantities of cocaine, and answered to no one other than the cartel that supplied him.

## CONCLUSION

For all the foregoing reasons, Cervantes' Motion to Reconsider pursuant to Fed. R. Crim. P. 59(e) is **DENIED**.

SO ORDERED.

ENTERED: May 25, 2018

              /s/ JON E. DEGUILIO
            Judge
            United States District Court